IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ZeESTER CLYATT, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | : |
| | :   No. 5:13-CV-324 (CAR) |
| MIDDLE GEORGIA REGIONAL | : |
| EDUCATIONAL SERVICE AGENCY, | : |
| | : |
|     Defendant. | : |
| _____ | : |

## ORDER ON MOTION FOR LEAVE TO AMEND, MOTION TO DISMISS, AND MOTION FOR SUMMARY JUDGMENT

Before the Court are Plaintiff ZeEster Cylatt's Motion for Leave to Amend her Complaint [Doc. 29] and Motion for Summary Judgment [Doc. 40] as well as Defendant Middle Georgia Regional Educational Service Agency's Motion to Dismiss [Doc. 30] Plaintiff's Complaint, as Amended.  Having fully considered the Motions, the responses thereto, and the applicable law, the Court hereby **DENIES** Plaintiff's Motion for Leave to Amend [Doc. 29], **GRANTS** Defendant's Motion to Dismiss [Doc. 30], and **TERMINATES as moot** Plaintiff's Motion for Summary Judgment [Doc. 40].

### FACTUAL AND PROCEDURAL HISTORY

Plaintiff, proceeding *pro se*, filed this case in September of 2013, raising a federal race discrimination claim and pendent state law claims for breach of contract and tort

arising from Defendant's failure to issue a certificate of completion for an online teaching course and a letter of recommendation.  Defendant answered the Complaint on November 12, 2013, and denied liability.

Thereafter, Plaintiff filed miscellaneous documents purporting to support the allegations in her Complaint.[1]  In several of these filings, however, Plaintiff withdrew her race discrimination claim and, in its stead, attempted to raise new federal claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, *et seq.*, and the Sherman Antitrust Act, 15 U.S.C. § 1, *et seq.*[2]  Because Plaintiff attempted to raise entirely new claims, the Court instructed Plaintiff to move for leave to amend her Complaint to include all the allegations that would support these claims.[3]

Pursuant to the Court's Order, Plaintiff filed the present Motion for Leave to Amend.  Much to the Court's surprise, however, Plaintiff does not allege facts in the proposed amended complaint to support her RICO and Sherman Act claims; rather, Plaintiff seeks to raise yet another claim for violation of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, *et seq.*  Defendant responded to Plaintiff's Motion by filing a Motion to Dismiss for lack of subject matter jurisdiction.  Thereafter, Plaintiff filed a Motion for Summary Judgment.  These Motions are now ripe for the Court's review.

---

[1] [Docs. 17, 18, 20, 21].
[2] [Docs. 20, 23, 24].
[3] [Doc. 28].

# DISCUSSION

## I.     Plaintiff's Motion for Leave to Amend the Complaint

In the first Motion before the Court, Plaintiff seeks leave of court to amend her Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). When a party seeks leave to amend a pleading, "the court should freely give leave when justice so requires."[4] Under Rule 15(a)'s liberal amendment policy, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial."[5] When determining whether a substantial reason exists to deny leave to amend, a district court should consider factors including whether allowing the amendment to add a claim would be futile.[6] A claim is futile if it would be subject to dismissal for failure to state a claim upon which relief may be granted.[7]

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] A claim is plausible when the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] The plausibility standard requires that a plaintiff allege sufficient

---

[4] Fed. R. Civ. P. 15(a)(2).
[5] *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989).
[6] *Rosen v. TRW, Inc.*, 979 F.2d 191, 194 (11th Cir. 1992) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).
[7] *Patel v. Ga. Dep't BHDD*, 485 F. App'x 982, 982-83 (11th Cir. 2012).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[9] *Id.*

facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[10]

Defendant argues the Court should deny Plaintiff's Motion for Leave to Amend because such amendment would be futile in this case. The Court agrees. In her proposed amended complaint, Plaintiff raises a claim under the FTCA. The FTCA, by its express terms, allows "civil actions on claims against the <u>United States</u> . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."[11] Defendant is a state agency, not an agency or subdivision of the federal government.[12] As such, the FTCA does not apply to it.[13]

Because Defendant cannot be held liable under the FTCA, Plaintiff's amendment to add a claim under the FTCA fails to state a claim upon which relief may be granted. Accordingly, her Motion for Leave to Amend the Complaint is **DENIED** as futile.

---

[10] *Twombly*, 550 U.S. at 556.
[11] 28 U.S.C. § 1346(b)(1)(emphasis added).
[12] *See* O.C.G.A. § 20-2-270(a) (explaining that regional educational service agencies are created by the state board of education).
[13] Even if the FTCA applied to Defendant, Plaintiff's FTCA claim would fail because she does not allege that she exhausted her administrative remedies as required by the FTCA. See *McNeil v. United States*, 508 U.S. 106, 112-13 (1993) (citing 28 U.S.C. § 2675(a)).

**II.     Motion to Dismiss**

In response to Plaintiff's Motion for Leave to Amend her Complaint, Defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

Before a court may address the merits of any claim, it must have subject matter jurisdiction over the case.[14] Federal courts have limited jurisdiction over (1) cases that present a federal question, and (2) civil actions in which a diversity of citizenship exists and the amount in controversy exceeds $75,000.00.[15]  "[T]he plaintiff bears the burden of establishing subject matter jurisdiction."[16]

In this case, Plaintiff does not appear to invoke the Court's diversity jurisdiction because there are no allegations that the parties are citizens of different states.  Instead, Plaintiff bases the Court's jurisdiction on a federal question.  Federal question jurisdiction exists when a party asserts a "colorable claim 'arising under' the Constitution or laws of the United States."[17]  In addition to the FTCA claim, Plaintiff has attempted to raise three other claims that could give rise to federal question jurisdiction: (1) a race discrimination claim, (2) a RICO violation, and (3) a Sherman Act violation.

---

[14] *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see generally Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005).
[15] 28 U.S.C. §§ 1331(a), 1332.
[16] *Ishler v. Internal Revenue*, 237 F. App'x 394, 395 (11th Cir. 2007) (citing *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005)).
[17] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006).

Nevertheless, Plaintiff has expressly withdrawn each of these claims in search of a more favorable federal claim.[18]  For example, although Plaintiff alleges race discrimination in her original Complaint, she subsequently stated, "[a]fter further examination, the claim of race discrimination has been ruled out."[19]  In another filing, Plaintiff stated that she "acknowledges the fact that discrimination was probably not their motive[,]" and "the civil rights violation specifically as it relates to race discrimination has been retracted."[20]  Additionally, when directed by the Court to set forth facts to support her RICO and Sherman Act claims, Plaintiff instead sought to raise a claim under the FTCA.

Plaintiff may not use this lawsuit as a fishing expedition in search of a federal hook upon which to set her case.  In light of her withdrawal of these claims, no federal claims remain pending upon which the Court may exercise its jurisdiction.  The only remaining claims are state law claims for breach of contract and possibly tort for which state court would be the more proper forum for adjudication.

Because Plaintiff has failed to establish that the Court has subject matter jurisdiction over her Complaint, Defendant's Motion to Dismiss is **GRANTED**.

---

[18] In response to the Defendant's Motion to Dismiss, Plaintiff argues that the Court previously rejected her race discrimination, RICO, and Sherman Act claims.  Plaintiff, however, misconstrues the Court's directive.  The Court directed Plaintiff to allege facts sufficient to support these claims.  This she failed to do, electing instead to pursue a new avenue of relief through the FTCA.  As such, Plaintiff has voluntarily withdrawn these claims.
[19] [Doc. 20].
[20] [Doc. 23, pp. 2, 6].

## CONCLUSION

Based on the foregoing, Plaintiff's Motion for Leave to Amend [Doc. 29] is **DENIED**, Defendant's Motion to Dismiss [Doc. 30] is **GRANTED**, and Plaintiff's Complaint is **DISMISSED without prejudice for lack of subject matter jurisdiction**. In light of this holding, Plaintiff's Motion for Summary Judgment [Doc. 40] is **TERMINATED as moot**.

**SO ORDERED,** this 15th day of August, 2014.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

ADP/bbp